UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re:<br><br>Dale Haworth and Heather Haworth,<br><br>Debtors. | Bankruptcy Case<br>No. 19-40052-JMM |
|---|---|

### MEMORANDUM OF DECISION

**Appearances:**

    Ryan E. Farnsworth, Idaho Falls, Idaho, Attorney for Debtors.

    R. Sam Hopkins, Pocatello, Idaho, chapter 7 Trustee.

### *Procedural History and Facts*

Debtors Dale and Heather Haworth ("Debtors") filed their chapter 7[1] bankruptcy petition on January 23, 2019. Dkt. No. 1. In their schedules, they listed two vehicles: a 2007 Hummer H3 ("Hummer") and a 1937 Ford Tudor ("Ford"), and included the following note about the Ford: "Bad Transmission --- fair condition." *Id*. Debtors claimed both vehicles exempt in the amount of $7,000 each under Idaho Code § 11-605(3). *Id*.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM OF DECISION − 1

At the time of the filing, the Ford was registered with the Idaho Transportation Department ("ITD") and was insured. Exs. 101, 103. On that day, however, the transmission was inoperable and Mr. Haworth was "working on" the tail lights. He had either removed the seats from the vehicle, or they did not come with the Ford when he purchased it.[2] Mr. Haworth had been unable to do further work on the Ford, because he did not have enough money, and he did not have a garage to work in during the winter. Mr. Haworth testified that the Ford was not capable of being driven or operated on the roadway as of the petition date. He further testified that, since the filing, the transmission has been repaired through a trade of plumbing work for transmission work, and seats have been installed. Mr. Haworth now uses the Ford as his vehicle to run errands, etc., while Ms. Haworth uses the Hummer as she is unable to drive a manual transmission vehicle.

The chapter 7 trustee appointed in the case, R. Sam Hopkins ("Trustee"), objected to the exemption of the Ford. Dkt. No. 22. Debtors responded to the objection, Dkt. No. 23, and the Court thereafter conducted an evidentiary hearing on the matter on June 4, 2019. Dkt. No. 31. Trustee's objection was then deemed under advisement.

The Court has now considered the briefing submitted, the testimony given, the exhibits admitted, and the oral argument presented, as well as the applicable law, and issues the following decision which resolves the objection. Fed. R. Bankr. P. 7052; 9014.

---

[2] Mr. Haworth testified that after purchasing the Ford, he got it home and "unloaded it." From that statement, the Court surmises that he did not drive it to his residence.

MEMORANDUM OF DECISION − 2

*Analysis and Disposition*

A. General Exemption Law

When a petition for bankruptcy is filed, "all legal or equitable interests of the debtor in property" become the property of the bankruptcy estate and are available for distribution to creditors. § 541(a)(1). However, § 522(b)(1) allows individual debtors to exempt property from the bankruptcy estate, and to thereby protect it from administration by a chapter 7 trustee. Because Idaho has "opted out" of the Code's exemption scheme, debtors in this state may claim only those exemptions allowable under Idaho law, as well as those listed in § 522(b)(3). Idaho Code § 11-609; § 522(b)(3).

As the objecting party, Trustee bears the burden of proving that Debtors' claim of exemption is not proper. Rule 4003(c); *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999); *In re Cerchione*, 398 B.R. 699, 703 (Bankr. D. Idaho 2009). If the trustee offers sufficient evidence to rebut the prima facie validity of the exemption, the burden then shifts to Debtors to demonstrate the claimed exemption is proper. *In re Hall,* 464 B.R. 896, 903 (Bankr. D. Idaho 2012); *In re Lawrence*, 03.3 IBCR 165, 166 (Bankr. D. Idaho 2003) (citing *In re Nielsen,* 97.4 IBCR 107, 107 (Bankr. D. Idaho 1997)). The validity of a claimed exemption is determined as of the date of the filing of the bankruptcy petition. § 522(b)(3)(A); *In re Campbell,* 08.2 I.B.C.R. 39, 40 (Bankr. D. Idaho 2008) (citing *Culver, L.L.C. v. Chiu (In re Chiu)*, 226 B.R. 743, 751 (9th Cir. BAP 2001)). Exemption statutes are to be liberally construed in favor of the

MEMORANDUM OF DECISION − 3

debtor.  *In re Halinga*, 13.4 IBCR 101, 103 (Bankr. D. Idaho 2013); *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005).

B.  Idaho Code § 11-605(3)

Debtors claim the Ford exempt under Idaho Code § 11-605(3) which provides, in relevant part, "[a]n individual is entitled … to an exemption of one (1) motor vehicle to the extent of a value not exceeding seven thousand dollars ($7,000)."  The statute has been interpreted to permit each debtor to exempt a vehicle in the amount of $7,000.  *In re Jackson*, 147 B.R. 49, 50 (Bankr. D. Idaho 1992) ("Idaho Code § 11–605 does not preclude the debtors from applying each of their exemptions to the same motor vehicle, or each individual exemption to a separate motor vehicle.")  As such, in their schedules, Debtors claimed exemptions up to the statutory amount in both the Hummer and the Ford.

Trustee objected to Debtors' claim of exemption in the Ford on the grounds that it did not meet the requirements to be operated on public highways, citing *In re Sanders*, 03.1 I.B.C.R. 57 (Bankr. D. Idaho 2003).  Dkt. Nos. 22, 25.  Debtors responded by arguing that the Ford was both registered in Idaho and was insured on the petition date. Dkt. Nos. 23, 30.

This Court has traditionally utilized the definition of "motor vehicle" provided in Idaho Code § 49–123(h) to determine the scope of the exemption allowed by Idaho Code § 11–605(3).  *In re Stanger*, 99.3 I.B.C.R. 120, 120 (Bankr. D. Idaho 1999).  That statute provides:

MEMORANDUM OF DECISION − 4

> Motor vehicle. Every vehicle that is self-propelled, and for the purpose of titling and registration meets federal motor vehicle safety standards as defined in section 49–107, Idaho Code. Motor vehicle does not include vehicles moved solely by human power, electric personal assistive mobility devices, personal delivery devices, electric-assisted bicycles,[3] and motorized wheelchairs or other such vehicles that are specifically exempt from titling or registration requirements under title 49, Idaho Code.

Idaho Code § 49-123(h).

Because the definition of "motor vehicle" under the Idaho Code incorporates the term "vehicle," the Court must also consult Idaho Code § 49-123(2)(a) and utilize the definition of "vehicle" found therein. *In re Sanders*, 03.1 I.B.C.R. at 57-58. That section defines "vehicle" generally as "[e]very device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks." Idaho Code § 49-123(2)(a). In interpreting this definition, the *Sanders* court stated, "[i]n other words, the term 'motor vehicle' actually refers to a subset of the broader term, 'vehicle.' Reading the definitions in concert, then, and ignoring the exceptions mentioned in the statutes not relevant here, a motor vehicle would include every device in, upon, or by which a person or property is or may be transported upon a highway and which is self-propelled." *In re Sanders*, 03.1

---

[3] Effective July 1, 2019, the definition of "motor vehicle" was amended to add the exclusion of electric-assisted bicycles, and to fix a grammatical error. ID LEGIS 84 (2019), 2019 Idaho Laws Ch. 84 (H.B. 76). These amendments are both inapplicable and irrelevant to the case presently before the Court.

MEMORANDUM OF DECISION − 5

I.B.C.R. at 58. The *Sanders* Court further refined its interpretation of the definition, writing:

> this Court has construed the "is or may be used upon the highway" component of the definition of an exempt motor vehicle as a reference to the lawful use of the vehicle. If the subject vehicle could not be lawfully operated on a public street or highway, the Court has refused to allow an exemption. See *Fitzgerald v. Leary (In re Leary )*, 91 I.B.C.R. 68 (D. Idaho 1991) (denying exemption in snowmobile); *In re Thomas*, 97.2 I.B.C.R. 39 (Bankr. D. Idaho 1997) (denying motor vehicle exemption in an ATV (all-terrain vehicle)); *In re Baird*, 89 I.B.C.R. 149 (Bankr. D. Idaho 1989) (denying exemption in ATV). Lawful use in those cases required that the subject vehicle be registered. *Leary*, 91 I.B.C.R. at 68; *Thomas*, 97.2 I.B.C.R. at 39; *Baird*, 89 I.B.C.R. at 150. In addition, these decisions at least implied that the vehicle must be "street legal" to qualify for an exemption. *Leary*, 91 I.B.C.R. at 68; *Thomas*, 97.2 I.B.C.R. at 150.

*In re Sanders*, 03.1 I.B.C.R. at 58. To summarize, the Court observed:

> Given this statutory and decisional backdrop, the Court now concludes that in order for a vehicle to qualify as exempt under Idaho Code § 11–605(3), that vehicle must not only be self-propelled, but also must be capable of being lawfully operated on a public street or highway. At a minimum, that requires the vehicle to be registered and properly equipped in accordance with Idaho's motor vehicle laws. This approach is consistent with the purpose of the motor vehicle exemption law. While exemption statutes are to be construed liberally in favor of the debtor, the principal purpose of the motor vehicle exemption is to protect the debtor's means of transportation to meet ordinary daily needs. The Court declines to construe the statute in a manner so as to include off-road vehicles, recreational vehicles, or those vehicles whose operation on the public highways would be illegal.

*Id*. at 58.

In *Sanders*, the debtor attempted to exempt a Yamaha YZ 250 motorcycle as a motor vehicle under Idaho Code § 11-605(3). The trustee objected, arguing that the exemption did not apply because the motorcycle was designed for primarily off-road use.

MEMORANDUM OF DECISION − 6

On petition day, the debtor had not transferred the certificate of title into his name, had not registered the motorcycle, and had not equipped it with a headlamp, tail light, or horn. Moreover, the debtor did not have a valid driver's license. This Court sustained the trustee's objection to the claim of exemption because there was no evidence that the motorcycle was registered or properly equipped with the necessary equipment to operate on Idaho's roads. *Sanders*, 03.1 I.B.C.R. at 58.

More recent case law is in accord. Trustee cited the case of *In re Walsh*, 14-01778-TLM (Bankr. D. Idaho 2014) in support of his objection. In that case, the debtors claimed a 1955 Harley Davidson motorcycle exempt, to which the trustee objected. On the petition date, the motorcycle was not registered, not running, and in fact had not been driven for over twenty years, and would require at least eight hours of labor to get it running again. In sustaining the trustee's objection, the Court's order stated: "Because the Motorcycle was not registered with the Idaho Department of Transportation on the Petition Date, the Motorcycle was not a 'motor vehicle' for purposes of Idaho Code § 11-605(3) [and] [b]ecause the Motorcycle was not self-propelled on the Petition Date, the Motorcycle was not a 'motor vehicle' for purposes of Idaho Code § 11-605(3)." *Id*. at Dkt. No. 33.

Debtors rely on the case of *In re Campbell,* 08.2 I.B.C.R. 39 (Bankr. D. Idaho 2008). In that case, one week prior to her bankruptcy filing, the debtor was involved in an automobile accident. Following the incident, she was able to drive the vehicle to the side of the road, but the vehicle needed repair. In fact, when she filed her bankruptcy

MEMORANDUM OF DECISION − 7

petition the following week, the vehicle was at the body shop. She claimed the vehicle exempt on her schedules pursuant to Idaho Code § 11-605(3). The trustee objected, contending that because the vehicle had been damaged in the collision and had not been repaired at the time the petition was filed, it was not self-propelled, and the car was no longer street legal, and as such, it was not eligible for registration. Thus, he contended it was not a "motor vehicle" within the definition of the statute. The Court held that the evidence demonstrated the vehicle was operable enough to be driven to the side of the road, and the trustee had not proved that the accident had rendered the vehicle improperly equipped to be driven on the roadways of Idaho, and thus the objection to the claim of exemption was overruled.

      Finally, in *In re Guinn*, 18-00544-TLM (Bankr. D. Idaho 2018), this Court overruled an objection to a claim of exemption in a 1979 Jeep that had bad transmission seals and had not been driven much or maintained for approximately fifteen years, but at the time of the bankruptcy filing, it was registered in the debtor's name. *Id.* at Dkt. No. 50. The Court relied on *Sanders*, noting that prior decisions had focused primarily on two features in determining eligibility for the exemption: self-propulsion and registration, the latter of which implicated the statutory requirement that the vehicle meet federal motor vehicle safety standards. The Court noted the consistent interpretation of the "is or may be used upon the highway" language of the statutory definition as a reference to the *lawful* use of the vehicle. The *Guinn* Court noted that at a minimum, this meant the vehicle must be registered and properly equipped according to Idaho's motor

MEMORANDUM OF DECISION − 8

vehicle laws. Quoting *Sanders*, the Court noted that it "declines to construe the statute in a manner so as to include off-road vehicles, recreational vehicles, or those vehicles whose operation on the public highways would be illegal." Finding that the vehicle in *Guinn* was registered on the petition date and that nothing in the factual record indicated that the Jeep lacked the equipment necessary for it to legally operate on Idaho roads, or was inoperable, the Court overruled the objection.

C.  Application of Law to Facts and Conclusion

In the matter before the Court, the factual record is sparse. On petition day, the Ford was registered and insured. However, the transmission was inoperable, there were no seats, and Mr. Haworth was "working on" the tail lights. Notably, Mr. Haworth testified that the Ford was not capable of being driven or operated on the roadway as of the petition date. While the vehicle in *Campbell* was damaged in an accident and at the body shop on the date the petition was filed, the debtor in that case had driven it to the side of the road after the accident. In contrast, it seems clear that the Ford in this case could not be driven at all, due to both the faulty transmission and the missing seats.

The Court is mindful that exemption statutes are liberally construed in favor of debtors, the principal purpose of the motor vehicle exemption is to protect the debtors' means of transportation for their ordinary daily needs, and that Mr. Haworth now uses the Ford as his personal vehicle. However, quoting *Sanders*, the Court "declines to construe the statute in a manner so as to include off-road vehicles, recreational vehicles, or those vehicles whose operation on the public highways would be illegal." In this case, not only

MEMORANDUM OF DECISION − 9

was the Ford not capable of being operated on Idaho roadways according to Debtors' own admission, because of the transmission problems it was likely not self-propelled, and due to the missing seats, it was likewise not "properly equipped" to operate on Idaho roads. Accordingly, the Court concludes that Trustee met his burden to prove that the Ford does not qualify as a motor vehicle for purposes of the exemption in Idaho Code § 11-605(3). Upon satisfying that burden, the burden shifted to Debtors to demonstrate the exemption was proper. They have not done so. The Court understands that the vehicle is now operational and Mr. Haworth uses it as his daily transportation. However, as noted above, the Court must examine the facts as of the petition day. As such, the Ford does not meet the definition of a motor vehicle for purposes of the exemption in Idaho Code § 11-605(3). Trustee's objection will therefore be sustained.

    A separate order will be entered.

DATED: July 12, 2019

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION − 10